**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-369-JBC**

**KYLE DAVIS,**                                                                            **PLAINTIFFS,**

**V.**                            **MEMORANDUM OPINION AND ORDER**

**PROGRESSIVE DIRECT**
**INSURANCE COMPANY, ET AL.,**                                      **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's motion (R. 5) and

supplemental motion to remand (R. 6).  The court, having reviewed the record and

being otherwise sufficiently advised, will grant the first motion, deny the second,

and remand the action to state court.

**I.  Procedural History**

Kyle Davis brought this action in Fayette Circuit Court on October 17, 2007,

asserting negligence and contract claims arising out of a motor-vehicle collision.

Davis, a citizen of Kentucky, brought claims against Angela Curry, the allegedly

negligent driver and a citizen of Kentucky; and against Allstate Insurance Company,

his own insurance company.  On June 9, 2008, Davis amended his complaint to

assert claims against Jason Layne, a citizen of Kentucky and the driver of the

vehicle in which Davis was riding; and against Progressive Direct Insurance

Company ("Progressive"), Curry's insurance carrier.  A second amended complaint

added Mountain Laurel Assurance Company ("Mountain Laurel"), the underwriter of

the Progressive policy, as a defendant.

On September 2, 2008, the parties executed a mediation agreement which settled Davis's claims against Curry, and stated that Davis would voluntarily dismiss Layne and Allstate. The agreement reflected that a more detailed settlement agreement and agreed order of dismissal would be prepared after the mediation. On September 11, 2008, Progressive and Mountain Laurel removed the action to this court.

The plaintiff moves to remand the action to state court for lack of diversity jurisdiction, arguing that complete diversity did not exist at the time of removal and that the defendants failed to establish the amount in controversy.

## II.  Standard of Review

Removal of an action to federal court from state court is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Because federal district courts are courts of limited jurisdiction, "the absence of jurisdiction is generally presumed unless the party invoking federal jurisdiction clearly demonstrates that it exists." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996). As the removing party, the defendant has the burden of establishing diversity jurisdiction. *Eastman*

2

*v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006); *Long v. Bando Mfg. of Am. Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand. *See Long*, 201 F.3d at 757; *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)*; Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (quoting *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967) ("Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.")). The court looks at the record as it stood at the time of removal to determine whether removal was proper. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). If the court lacks subject matter jurisdiction at any time before final judgment, then the case must be remanded. 28 U.S.C. § 1447(c).

For the court to have original jurisdiction, the amount in controversy must exceed $75,000, and the citizenship of all plaintiffs must be different from that of all defendants. 28 U.S.C. § 1332.

## III. Analysis

The defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001); *Gafford v. Gen. Elec. Co.*,

3

997 F.2d 150, 158 (6th Cir. 1993).  When a "plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must prove that it is "more likely than not" that the plaintiff's claims meet the requirement.  *Gafford*, 997 F.2d at 158 (emphasis in original).  "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.  Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'"  *Hayes*, 266 F.3d at 572 (quoting *Gafford*, 997 F.2d at 158).

"The amount in controversy is determined by the allegations in the complaint.  If the complaint is not dispositive, a court looks to the allegations in the notice of removal.  The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by the statute."  *Suwala v. Progressive Ins. Co.*, No. Civ. A. 2005-135, 2005 WL 2076490, at *2 (E.D. Ky Aug. 25, 2005) (citing *National Nail Corp. v. Moore,* 139 F. Supp. 2d. 848, 850 (W.D. Mich. 2001)).  The instant complaint does not determine the amount in controversy because plaintiffs in Kentucky are not permitted to plead specific damages.  *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 777 (W.D. Ky. 2002) (Kentucky "has enacted a law that prohibits the plaintiff from making a specific monetary demand, over and above the state's minimal amount in controversy.").   Thus the court turns to the notice of

4

removal.

The defendants, in their notice of removal, state the following regarding the amount in controversy:

> In Plaintiff's First Amended Complaint and Second Amended Complaint, Plaintiff sets forth damages, including punitive damages, from Mountain Laurel and Progressive Direct. Due to the allegations raised in the complaints, Mountain Laurel and Progressive Direct believe that Plaintiff seeks in excess of $75,000 in damages from Mountain Laurel and Progressive Direct, exclusive of interest and costs.

R. 1, at 3. The defendants state a belief that the plaintiffs seek more than $75,000, in damages. They fail to cite to specific facts supporting their assertion that it is "more likely than not" that the plaintiff's claims will generate damages in excess of $75,000.

In response to a court order regarding the amount in controversy, the plaintiff states "that he does not have sufficient information to admit or deny that the amount in controversy exceeds $75,000 exclusive of interests and costs." R. 4. The plaintiff continues by stating that the parties "agreed to stay discovery as to the 'bad faith' claims asserted against [Progressive] and [Mountain Laurel] in the underlying action." *Id.* Post-removal stipulations by the plaintiff regarding the amount in controversy are not determinative on the issue of jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (reiterating that jurisdiction is determined as of the time of removal).

Progressive and Mountain Laurel state in their response to the motion that

5

the plaintiff "seeks damages including inconvenience, emotional distress, embarrassment, mental pain and suffering, as well as punitive damages." R. 7, at 7. The removing defendants cite to *Hayes*, arguing that they have met their burden of proof in demonstrating that the amount-in-controversy requirement has been met. The court in *Hayes* found that the defendant's reliance on the damages sought by the plaintiffs in their complaint satisfied the amount-in-controversy requirement. However, in *Hayes* the removing parties argued that the damages sought would exceed $75,000, and cited to the complaint where the plaintiff sought "among other damages, royalties and gross values of minerals extracted from four separate wells, two of which dated back to 1941, as well as punitive damages." *Hayes*, 266 F.3d at 573. Here, the defendants have not set forth such specific facts supporting their assertion that the amount of damages sought by the plaintiff exceeds $75,000. Although the law does not require the removing defendants to prove the plaintiff's damages, it does require them to demonstrate by a preponderance of the evidence that the damages would exceed the required amount.

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes,* 266 F.3d at 572. In this case, it is not self-evident that the plaintiff's claim is greater than $75,000, even though he requests punitive damages. The defendants have presented no other evidence to

6

show that it is "more likely than not" that the plaintiff's claims exceed the jurisdictional amount.  Therefore, the requirements for original jurisdiction are not met and remand is appropriate.

The plaintiff additionally argues that there was not complete diversity among the parties at the time of removal from state court.  The court need not resolve this issue because it has already determined that the action was not properly removed according to the amount-in-controversy requirement.  Therefore, the court lacks subject-matter jurisdiction and will remand the action to state court.

The plaintiff additionally filed a supplemental motion to remand (R. 6), arguing that the action should be remanded because all of the defendants were not joined in the notice of removal.  Specifically, the plaintiff states that the removing parties failed to join the non-diverse defendants who were going to be dismissed based on the mediation agreement but who were not yet dismissed from the action. The court having remanded this action to state court, the plaintiff's supplemental motion will be denied as moot.  Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand (R. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's supplemental motion to remand (R. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Fayette Circuit Court.

**IT IS FURTHER ORDERED** that this action is **STRICKEN** from the court's

active docket.

Signed on  January 23, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY